BERZON, Circuit Judge,
dissenting:
I respectfully dissent.
It is sometimes “reasonable for [an Administrative Law Judge (“ALJ”) ] to conclude that the level or frequency of treatment [is] inconsistent with the level of complaints” a claimant asserts or a medical expert finds. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir.2012) (internal quotation marks omitted). But no reasonable factfinder could doubt that Bustamante is severely depressed, as evidenced by (1) her recent suicide attempt; (2) her multiple reported prior attempts; (3) her persistent suicidal ideation; and (4) her post-suicide-attempt diagnosis, by her treating psychiatric clinic, of “major depressive disorder, recurrent episode, severe.” Indeed, Bustamante’s recent suicide attempt and major depression diagnosis occurred after both mental health opinions discussed by the ALJ were rendered, serving strongly to corroborate'the examining doctor’s opinion the ALJ rejected, and severely to undermine the paper-review opinion the ALJ credited.
Furthermore, “an adjudicator must not draw any inferences about an individual’s symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.” Orn v. Astrue, 495 F.3d 625, 638 (9th Cir.2007) (internal quotation marks omitted). Here, Bustamante testified that her medication was not “really working” and that she was unable to return to mental health treatment because of “a long waiting list.” There is no indication the ALJ considered her explanations. And the record as a whole, despite the absence of a doctor’s explicit statement, suggests that Bustamante did not pursue treatment more actively because she was depressed.
Given all of these reasons to credit, rather than discredit, Doctor Steingard’s evaluation of Bustamante’s likely vocational impairment on account of her depression, it is clear to me that Bustamante’s failure to pursue treatment for her depression could support the ALJ’s decision only on the separate policy ground that “[ijmpair-ments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.” Warre v. Comm’r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). But the ALJ made no finding that Bustamante’s depression could be controlled effectively, nor was there evidence in the record to support such a finding. Cf. Orn, 495 F.3d at 637; Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993). Thus, Bustamante’s failure to pursue treatment for her depression was not a legitimate reason to reject the psychiatrist’s opinion. The ALJ’s only other specific reason for rejecting that opinion, that Bustamante demonstrated no cognitive deficits, was off-point as depression is at issue, for reasons we recently surveyed. See Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014).
Finally, the ALJ offered no clear and convincing reason for rejecting Busta-mante’s symptom testimony, at least as to her depression. That her own designation of her primary disability shifted also does nothing to cast doubt on the well-documented fact that she was severely depressed for at least a large part of the pertinent period. As for her supposedly *733 inconsistent testimony regarding her reason for leaving her job, her various statements, while sometimes incomplete, are all consistent with her fullest explanation of the end of her employment: “I missed a lot of work due to the pain, and I was unable to perform my duties.... I was released due to my poor attendance.” Absent clear and convincing reasons, I would hold that the ALJ erred in discrediting Bustamante’s testimony, at least as to her depression.
Because the ALJ “failed to provide legally sufficient reasons for rejecting” the psychiatrist’s opinion and Bustamante’s testimony, Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir.2014), I would remand for a calculation of benefits.[1]

. I note, however, that there is pending en banc activity in two cases involving our credit-as-true doctrine. See Burrell v. Colvin, 775 F.3d 1133 (9th Cir.2014); Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090 (9th Cir. 2014).